**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ANTONIO L. McGHEE,                          *

Plaintiff                                            *

v                                                       *            Civil Action No. CCB-16-1951

WARDEN OF N.B.C.I., et al.,              *
Defendants

                                                    ***

**MEMORANDUM**

The above-captioned case was filed on June 8, 2016, together with a motion to proceed in forma pauperis.  Because he appears indigent, plaintiff's motion to proceed in forma pauperis shall be granted; however, his complaint will be dismissed.

The complaint concerns plaintiff's allegations that employees of the North Branch Correctional Institution (NBCI) lost his personal property when he was placed on segregation. ECF 1. Plaintiff states that he was placed on disciplinary segregation on July 9, 2013. At that time, his personal property was inventoried; the property he was not allowed to keep while on segregation was stored. ECF 1-1, p. 1.  When he inquired as to the status of his property, he learned that it had been "lost, mishandled, and/or destroyed." *Id.*, p. 2.

This court is obliged to screen prisoner complaints and dismiss any complaint that "is frivolous, malicious or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A.  In deciding whether a complaint is frivolous, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally."  *White v. White,* 886 F.2d 721, 722-723 (4th Cir. 1989).  Additionally, under the provisions of 28 U.S.C. § 1915(e)(2), a case shall be dismissed if the court determines that "(A) the allegation of poverty is

untrue; or (B) the action or appeal[] (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

Mr. McGhee has failed to state a claim on which relief may be granted: his complaint does not allege a constitutional violation.  In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy.  *See Parratt v. Taylor*, 451 U.S. 527, 540 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).  The Supreme Court extended its *Parratt* holding to intentional deprivations of property.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[1]  *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[2]  Therefore, assuming McGhee's personal property was lost or destroyed as he alleges, such conduct does not rise to a constitutional violation.[3]  Thus, the complaint presented here shall be dismissed under the provisions of 28 U.S.C. §§ 1915(e) & 1915A.

Mr. McGhee is reminded that, under 28 U.S.C. § 1915(g), he will not be granted in forma pauperis status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the

---

[1]  Plaintiff may avail himself of remedies under the Maryland Tort Claims Act and through the Inmate Grievance Office.

[2]  Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing plaintiff's due process claim.

[3]   In rejecting a prisoner's Fourth Amendment claim to an expectation of privacy in his cell, the Supreme Court stated that denying such a claim did not "mean that [a prisoner] is without a remedy for calculated harassment unrelated to prison needs. Nor does it mean that prison attendants can ride roughshod over inmates' property rights with impunity. The Eighth Amendment always stands as a protection against 'cruel and unusual punishments.' By the same token, there are adequate state tort and common-law remedies available to respondent to redress the alleged destruction of his personal property."  *Hudson*, 486 U.S. at 530.

grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g). As this complaint must be dismissed for failure to state a claim upon which relief may be granted, the case will be marked as a "strike" against Mr. McGhee's three chances under section 1915(g).

A separate order follows.

June 22, 2016                                            /S/
Date                                          Catherine C. Blake
                                              United States District Judge